## Roig *v.* The Registrar of Property.

### Appeal from a decision of the Registrar of Property of Humacao.

No. 87.—Decided April 17, 1911.

Record of Easement.—Upon application for admission to record of a right of way over a specific estate, through the presentation of an instrument not involving the creation of such easement, but the execution of another contract, although therein the applicant has reserved the right of way created by another instrument the stipulations whereof are omitted in applying for said record, the latter must be refused, the party concerned being reserved his right to apply again at the registry with the documents establishing said easement for the purpose of having the same recorded.

The facts are stated in the opinion.

*Mr. Francisco González Facundo* for appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

Rodulfo Leoncio Pérez Polanco, who is the owner of the plantation "Providencia," lying in the municipal district of Humacao, segregated therefrom a parcel of 12 *cuerdas*, together with the buildings, establishments, machinery, and appurtenances erected on said parcel, and sold the same to Antonio Roig y Torrellas by a public deed dated November 15, 1896, it being stated in clause 6 of said deed that the vendor bound himself to permit the purchaser to make use of such roads on said plantation "Providencia" as he might deem necessary without injury to said plantation. This deed of sale was recorded in the Registry of Property of Humacao together with the right of way agreed upon in said clause and which referred both to the main plantation, which continued to be called "Providencia," and to the parcel of land segregated therefrom, which was named "El Ejemplo."

These records have not been canceled in the aforesaid registry of property.

After the death of Rodulfo Leoncio Pérez Polanco there was allotted to his daughter, Julia Ana María Pérez y Sánchez, a portion of the plantation "Providencia" consisting of 53 *cuerdas*. This parcel, called "Vega del Recreo," was recorded as an independent estate in the registry of property without mentioning the stipulation contained in the deed of November 15, 1896.

By a public deed executed on August 21, 1902, Emilio Cuadra y Rosa, the husband of Julia Ana María Pérez y Sánchez, who was a party to said deed, negotiated a loan of $4,000 with Antonio Roig Torrellas, said loan to be applied to the cultivation and grinding of the canes planted on the land of his wife and on other lands, Roig reserving to himself in clause 7 the right of way which he claimed to have through the property of Julia Ana María Pérez y Sánchez in connection with the central "El Ejemplo," belonging to him.

Antonio Roig Torrellas having presented to the registry for admission to record what he styles a ratification of right

of way contained in clause 7 of the aforementiond document regarding the property called "Vega del Recreo," the registrar refused to record the same in his decision, as follows:

"The record is refused of ratification of the right of way contained in clause 7 of this document which is requested to be made in connection with the property called 'Vega del Recreo,' consisting of 53.75 *cuerdas* and lying in *barrio* Teja, of this municipal district, said property having formed part of the former plantation 'Providencia,' over which said right of way was constituted. This refusal is based on the decision of June 27, 1864, as no mention is made of the right of way in connection with the property called 'Vega del Recreo,' and the consent of the owner thereof, in order to constitute said right of way, does not appear, said clause 7 of the present document being an essential condition of a contract whose purpose was not the express acknowledgment of a right of way over the said property. A cautionary notice for 120 days has been entered in accordance with the law on folio 169 of volume 21 of Humacao, property No. 848, triplicate, entry letter A. Humacao, January 4, 1911. The Registrar, Miguel Planellas."

Roig Torrellas has appealed from the foregoing decision.

In fact, the deed of August 21, 1902, presented to the Registrar of Property of Humacao for admission to record, so far as the same refers to the ratification of the right of way alleged to be contained in clause 7 in connection with the estate called "Vega del Recreo," does not involve the constitution of the right of way over said estate "Vega del Recreo" which is sought to be recorded, because that property is not even mentioned in said deed, and the fact that Antonio Roig Torrellas had reserved to himself the right of way over the estate of Julia Ana María Pérez y Sánchez independently of the stipulations of the deed of November 15, 1896, can have no more legal effect than that pertaining to a reservation which by itself does not create any legal right.

If Roig Torrellas thinks he is entitled to the right of way over the estate "Vega del Recreo" by virtue of the deed of November 15, 1896, let him apply to the Registry of Prop-

erty of Humacao with said deed and such other documents as establish his claim, so as to have the record thereof made; and the registrar, in the exercise of the powers conferred upon him by the Mortgage Law, will give such decision as in his judgment is warranted by law, which decision, in a proper case, may be appealed from by the interested party.

Then, and only then, may we discuss whether or not section 542 of the Civil Code is applicable to the case before us; but, considering the manner in which the record of the right of way was applied for, namely, through the presentation of a document such as the deed of August 21, 1902, which does not establish such right, the refusal of said record was proper.

For the foregoing reasons the decision appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.